IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRYANT ROACH,<br><br>　　　　　　　　Defendant. | 8:11CR346<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on remand from the Eighth Circuit Court of Appeals for consideration of the Defendant's non-delegation claim under *Reynolds v. United States*, 132 S. Ct. 975 (2012).

## PROCEDURAL BACKGROUND

　　　　On July 27, 2006, the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), was enacted, which imposes federal registration requirements on individual sex offenders. See also 42 U.S.C. §§ 16901, *et seq.* SORNA did not specify whether sex offenders convicted before SORNA's enactment would be subject to the new federal reporting requirements. Rather, it left that decision to the Attorney General, stating:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d).  Under § 16913(d), the Attorney General promulgated rules regarding the applicability of SORNA. *See, e.g.*, 28 C.F.R. § 72.3 (2011).

Roach was convicted of a sex offense in 1995 that required him to register as a sex offender. On October 18, 2011, Roach was charged in a one-count Indictment with "[f]rom on and before September 21, 2011," failing to register as a sex offender in Nebraska as required by SORNA, in violation of 18 U.S.C. § 2250(a). Roach sought dismissal of the Indictment on several grounds, arguing in pertinent part that Congress improperly delegated its legislative authority to the Attorney General by permitting the Attorney General to determine the retroactivity of registration requirements, thereby violating the non-delegation doctrine under article I, sections 1 and 8 of the United States Constitution.

This Court concluded that Roach lacked standing to raise the non-delegation issue and denied the motion to dismiss. On January 19, 2012, Roach pleaded guilty under a conditional plea agreement that allowed him to appeal the denial of his motion to dismiss. On January 23, 2012, in deciding *Reynolds* the Supreme Court held that the "Act's registration requirements do not apply to pre-Act offenders until the Attorney General so specifies." *Reynolds*, 132 S. Ct. at 984. Roach was sentenced on April 30, 2012, and he appealed the denial of his motion to dismiss. The Eighth Circuit remanded Roach's case for consideration of his non-delegation claim under *Reynolds*.

## DISCUSSION

Roach argues that the Attorney General's rule that SORNA's registration requirements and penalties applicable to pre-SORNA sex offenders is an unlawful exercise of legislative power and should be stricken.

The government argues that every circuit court of appeals that has addressed the non-delegation issue has rejected the non-delegation challenge to SORNA. As

further support, the government cites Judge Bataillon's rejection of the claim in *United States v. Coppock*, No. 8:12CR158.

To date, every circuit court that that has addressed the non-delegation claim on its merits has rejected the claim, as the delegation to the Attorney General to determine the retroactive applicability of SORNA falls within the permissible scope of delegation. *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012); *United States v. Stewart*, 461 Fed. App'x 349, 351 (4th Cir.), c*ert. denied*, 132 S. Ct. 2446 (2012); *United States v. Guzman*, 591 F.3d 83, 93 (2d Cir. 2010); *United States v. Ambert*, 561 F.3d 1202, 1213-14 (11th Cir. 2009); *United States v. Whaley*, 577 F.3d 254, 264 (5th Cir. 2009); *United States v. Dixon*, 551 F.3d 578, 583-84 (7th Cir. 2008), *rev'd on other grounds*, *Carr v. United States*, 130 S. Ct. 2229 (2010). Moreover, every district court that has considered the issue has reached the same decision. *See, e.g., United States v. Coppock*, No. 8:12CR158, 2012 WL 3780347, at *3 (D. Neb. Aug. 31, 2012); *United States v. Gaither*, No. 5:12CR4, 2012 WL 3662967, at *3 (W.D.N.C. Aug. 24, 2012); *United States v. Knutson*, No. 10-225, 2012 WL 3023436, at *1 (D. Minn. July 24, 2012); *United States v. Curry*, No. 09-20009-1, 2012 WL 3028039, at *2 (W.D. Ark. July 24, 2012); *United States v. Honaker*, No. 2:11-cr-216, 2012 WL 2952367, at *3 (W.D. Pa. July 19, 2012). In summary, Roach raises novel arguments, but they are without legal support.

Accordingly, the Defendant's non-delegation claim and motion to dismiss are denied.

Dated this 21st day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge